UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20783-CR-King/Garber

UNITED STATES OF AMERICA,

v.

KEITH JOSEPH LANZON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge James Lawrence King. Pursuant to such reference the Court has received the defendant Lanzon's Motion *In Limine* to Exclude Post-Arrest Statement [DE 120], the government's response in opposition, and the defendant's reply.

## FACTUAL BACKGROUND

The defendant appeared at a Borders Bookstore in Aventura, Florida, on September 9th, 2005 for the alleged purpose of meeting a man and his 14 year old daughter with whom he had allegedly arranged to engage in sexual activity. He was arrested and transported to a police station. It is undisputed that the defendant was given his rights pursuant to *Miranda*, which he waived in writing and orally. The defendant was then interviewed by police officers and allegedly made inculpatory statements regarding his involvement in the offenses with which he is now charged.

The defendant's Motion now before the Court asserts that the defendant's statement to law enforcement must be excluded since it was not recorded. Such failure to record the defendant's statement and preserve them, the defendant claims, deprives him of due process rights and deprives

him of his right to call for evidence in his favor. He further argues that such recording is necessary in order to ensure the Court and trier of fact that such statement was freely and voluntarily given and is reliable.

In support of his argument the defendant makes reference to the fact that numerous states have enacted rules or statutes that require the recording of statements, as well as the giving of *Miranda* rights, given by defendants in a custodial setting. The defendant points out that Illinois has created a presumption that any statements given in a custodial setting shall be presumed to be inadmissible unless an electronic recording has been made of such custodial interrogation. 725 Ill. Comp. Stat. Ann. 5/103-2.1, 5/14-3(k) (West 2004).

The defendant refers to the recommendation of the American Bar Association that custodial interrogations should be videotaped in their entirety. Reference is also made by the defendant to language incorporated in several judicial opinions regarding the necessity for electronic recording of such statements.

## DISCUSSION

None of the references made by the defendant relate to any rule, statute, or opinion existing in the Eleventh Circuit. It must be noted, however, that the Eleventh Circuit has indeed addressed the problem now before the Court in the subject Motion. Indeed, arguments similar to those advanced by the defendant here have been rejected by the Eleventh Circuit. In the case of *United States v. Boston*, 249 Fed. Appx. 807 (11th Cir. 2007), the defendant claimed that the failure of law enforcement to record his interview with agents "violate[d] his privilege against self-incrimination, his right to counsel, and his due process rights to a fair trial." *Boston*, at 809. Boston relied upon existing "state exclusionary rules, imposed either by judicial decision or legislative act, that require

2

recording statements made during custodial interrogation." *Boston*, at 810.  Nonetheless, the Eleventh Circuit affirmed the admission by the trial court of the unrecorded confession and took the position that it "agree[d] with other circuits that have concluded that the Constitution does not require [the Eleventh Circuit] to adopt such a rule."

### CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Lanzon's Motion *In Limine* to Exclude Post-Arrest Statement be DENIED.

The parties have six (6) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge James Lawrence King, who will consider said objections immediately prior to the commencement of the trial scheduled to commence on March 31, 2008.  See 28 U.S.C. §636 (1991).  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 21st day of March, 2008.

/s/ Barry L. Garber
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge King
Counsel of record

_____                              _____