UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20783-CR-KING/BANDSTRA

UNITED STATES OF AMERICA,

   Plaintiff,

v.

KEITH JOSEPH LANZON,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant's Motion to Dismiss the Second Superseding Indictment (D.E. 140) filed on May 19, 2008. On May 22, 2008, this motion was referred to the undersigned for all permissible judicial proceedings by the Honorable James Lawrence King pursuant to 28 U.S.C. §636(b). Accordingly, the undersigned conducted a hearing on this motion on June 5, 2008. Having carefully considered the pleadings, applicable law and oral argument of counsel, the undersigned recommends that Defendant's Motion to Dismiss the Second Superseding Indictment be DENIED for reasons explained below.

## PROCEDURAL HISTORY

On July 10, 2007, the grand jury returned a First Superseding Indictment charging defendant, Keith Joseph Lanzon, with use of the internet to knowingly attempt to "persuade, induce, entice and coerce" a person under the age of 18 years to engage in sexual activity for which he could be charged with a "criminal offense" in violation of 18 U.S.C. §2422 (b). The superseding indictment essentially tracked the language of §2422(b), and provided the date of the alleged offense as well as the means (i.e., the internet), for its commission, but did not identify any specific "criminal offense" for which

defendant could have been charged based on his alleged conduct.

On January 24, 2008, defendant filed a motion to dismiss the superseding indictment (D.E. 107) for failure to allege the essential elements of §2422(b). Specifically, defendant argued that the superseding indictment did not allege a violation of Fla.Stat. §800.04, as proferred by the government as the underlying "criminal offense" considered by the grand jury, as an essential element of 18 U.S.C. §2422 (b).

On February 19, 2008, United States Magistrate Judge Barry Garber heard oral argument on defendant's motion and thereafter recommended that this motion be DENIED. Defendant objected which resulted in oral argument before the Honorable James Lawrence King on March 26, 2008. The Court then invited the proposed opinions from both sides in support of their positions.

On April 17, 2008, the grand jury returned a Second Superseding Indictment which cited Fla.Stat. §800.04 as the "criminal offense" for which defendant could have been charged as part of the §2422 (b) offense.

On May 19, 2008, defendant filed the instant motion to dismiss arguing that the Second Superseding Indictment still fails to state an essential element of §2422(b) because it fails to identify a specific subsection of Fla.Stat. §800.04 as the underlying "criminal offense" referred to in the charge. Alternatively, defendant argues the government erroneously relies on a violation of *state* criminal law, i.e., Fla. Stat. §800.04, rather than a *federal* criminal offense.

On May 22, 2008, defendant's instant motion to dismiss was referred to the undersigned resulting in a hearing on June 5, 2008.

## ANALYSIS

Defendant seeks the dismissal of the Second Superseding Indictment pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rule and 7(c)(1) for two reasons. First, defendant argues that the Second Superseding Indictment fails to state an essential element of the offense, namely, the specific subsection of Fla.Stat. §800.04 for which he could have been charged under Florida law. Second, defendant argues that the indictment fails to charge an underlying federal offense under 18 U.S.C. §2422(b) but rather references only a state criminal statute.

The government correctly notes that under Rule 7(c)(1) an indictment need only state "a plain, concise, and definite written statement of the essential facts constituting the offense charged...." Fed.R.Cr.P. 7(c)(1). "When analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction and it's validity is to be determined by 'practical, not technical, considerations.'" *United States v. Poirer*, 321 F.3d 1024, 1029 (11th Cir. 2003) (*citing United States v. Gold*, 743 F.2d 800, 812 (11th Cir. 1984)). The Supreme Court has explained that an indictment is sufficient if

> .... it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Hamlimg v. United States*, 418 U.S. 87, 117 (1974); *accord United Sates v. Elkins*, 885 F.2d 775, 782 (11th Cir. 1989). Thus, for an indictment like the instant one which mostly "tracks" the language of a statute:

> It is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as "those words of themselves fully, directly, and expressly without any uncertainty or ambiguity set forth all of the elements necessary to constitute the offence intended to be punished.

3

*Hamlimg*, 418 U.S. at 117-18 (*quoting United States v. Carll*, 105 U.S. 611, 612 (1881)). The Eleventh Circuit has noted that "the appropriate test... is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards." *Poirer*, 321 F.3d at 1029.

  A. <u>The Second Superceding Indictment States All Essential Elements of the Offense</u>

  The Second Superseding Indictment charges defendant with a violation of 18 U.S.C. §2422(b) which provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices or coerces any individual who has not attained the age of 18 years, to engage in prostitutuion or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Tracking the language of this statute and adding the date and means of committing this offense, the Second Superseding Indictment charges:

> On or about September 9, 2005, in Miami Dade County, in the Southern District of Florida, and elsewhere, the defendant
>
> **KEITH JOSPEH LANZON,**
>
> did knowingly and intentionally, by means of a facility of interstate commerce, that is, the internet, attempt to persuade, induce, entice and coerce an individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, that is, Florida Statute 800.04, in violation of Title 18, United States Code, Section 2422(b).

  Federal courts have recognized that the essential elements of this offense are a knowing (1) actually or attempt to (2) pursuade, induce, entice or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense. *United States v. Meeks*, 366 F.3d 705, 708 (9th Cir. 2004); *United States v. Doyle*, 2007 WL 542138 (E.D. Wis. 2007) (citing Eleventh Circuit Pattern Jury Instruction 80).

4

Here, the Second Superseding Indictment sets forth each essential element of the offense by tracking the language of the statute and by adding the date of the alleged offense, the means (use of the internet), and the underlying criminal statute, Fla. Stat. §800.04, for which defendant could have been charged under Florida law.

Defendant continues to challenge the sufficiency of the charge, even after inclusion of Fla. Stat.§800.04 as the underlying "criminal offense," arguing that the government's failure to specify a particular subsection of Fla.Stat.§800.04 is a fatal flaw in the charge. Essentially, defendant contends that § 800.04 is not a single criminal offense but rather a collection of four separate sexual crimes (battery, molestation, lewd or lascivious conduct, and exhibition) involving minors each defined in subsections of Fla.Stat.§800.04. In defendant's view, the indictment's general reference to a group of "numerous offenses" fails to provide him with adequate notice of the charge, and does not sufficiently safeguard his rights under the double jeopardy clause.

Reviewing the Second Superseding Indictment and relevant case law, the undersigned disagrees with defendant's position. *In United States v. Powell*, 1 F.Supp. 2(d) 1419 (N.D. Ala. 1998), a defendant was indicted on two counts of violating §2422(b) and five counts of violating 18 U.S.C. §2423(a), transporting minors across state lines with intent to engage in sexual criminal activity. The §2422(b) charges in the *Powell* indictment did not identify any specific underlying "criminal offense" for which the defendant could have been charged; but the §2423(a) charges cited Fla.Stat.§800.04 as the underlying criminal offense. Defendant moved to dismiss the indictment arguing, *inter alia*, that all counts failed to inform him of "sufficient details" of the charged offenses and "failed to protect [him] from double jeopardy." *Id.* at 1423. The Alabama district court rejected defendant's arguments citing the general requirements for a sufficient indictment under Fed.R.Crim.P. 7 ( c) and the *Hamlimg* decision cited above. Most significantly, the court found that the § 2422(b) charges adequately informed defendant of the specific offenses

5

for which he was charged even without inclusion of any specific underlying "criminal offense" sufficient to bar any future prosecution for the same offenses. *Id.* Moreover, the court found sufficient the §2423(a) charges which referenced Fla.Stat. §800.04, as done in the instant case, as the underlying "criminal offense."

Here, as in *Powell*, the Second Superceding Indictment tracks the language of §2422(b) and identifies the specific date of the alleged offense and the means (use of the internet) by which it was committed. In addition, the indictment identifies Fla.Stat. §800.04 as the underlying "criminal offense" which was not included in the prior indictment.[1]

While *Powell* is not binding precedent, it supports a conclusion that the Second Superseding Indictment is legally sufficient and protects defendant against double jeopardy in the future. The government correctly notes that the Eleventh Circuit Pattern Jury Instruction for §2422(b) states, in relevant part, that the third element of proof for this offense is:

> .... that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the law of [Florida]; ....

The government is requesting that the Court further instruct the jury, as a matter of law, concerning acts which are crimes under Fla.Stat. §800.04.[2] The government further offers

---

[1] The undersigned notes that defendant's original and only objection to the First Superseding Indictment was the absence of any underlying "criminal offense in the charge." The Second Superseding Indictment identifies Fla.Stat.§800.04 as that offense which now gives rise to further objections discussed herein.

[2] The government's proposed jury instruction regarding Fla.Stat. §800.04 reads in part:

> So, the Government must prove that if the intended sexual activity had occurred, the Defendant could have been charged with a criminal offense under the laws of Florida.
>
> In that regard I instruct you as a matter of law that the following acts are crimes under Florida law:
>
> Under Florida Statute §800.04(4), a person commits lewd and lascivious battery on a child when the person: (a) engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or (b) encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity.
>
> Under Florida Statute §800.04(5), a person commits lewd or lascivious molestation upon if the person intentionally touches in a lewd or lascivious manner the breasts genitals, genital area,

and will propose a jury instruction which will instruct the jury that it must make a unanimous decision as to which subsection(s) of Fla.Stat. §800.04 the defendant could have been charged.

Based on the above cited authority, and consistent with the pleading requirements of Fed.R.Crim. P. 7(c), the undersigned finds that the Second Superseding Indictment states all essential elements under 18 U.S.C. § 2422(b), and adequately informs defendant of the specific offense for which he is charged sufficient to protect against further prosecution for the same offense.

B. <u>No Failure to State a Federal Offense</u>

Defendant also moves to dismiss the Second Superceding Indictment because it names a Florida statute as the underlying "criminal offense" rather than federal law. In defendant's view, the government erroneously relies on Fla.Stat § 800.04 rather than a federal criminal offense which renders the charge insufficient as a matter of law. Defendant essentially contends that the government ignores the general principle "that Congress when it enacts a statute [does not] make the application of the federal act dependent on state law." *Jerome v. United States*, 318 U.S. 101, 104 (1943). Defendant then reviews variations in state laws throughout the United States concerning sexual activity with minors and argues that incorporation of state law as the underlying criminal offense would result in disparate application of §2422(b) throughout the country depending on where the offense occurred.

While logical on its face, defendant's argument cites no federal cases construing §2422(b) to preclude the use of state law as the underlying "criminal offense." The government, on the other hand, cites numerous federal cases from this and other circuits

---

or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator.

Under Florida Statute §800.04(6), a person commits lewd or lascivious conduct on a child if the person: (a) intentionally touches a person under 16 years of age in a lewd or lascivious manner; or (b) solicits a person under 16 years of age to commit a lewd or lascivious act.

7

which interpret §2422(b) to mean state law.  Addressing a vagueness challenge to this criminal statute, the district court in *United States v. McDarrah*, 2006 WL 1997638 (2006), addressed this issue and stated:

> ....Properly read, §242.2(b) requires that if committed, the sexual activity must be a crime under *state* law.  Other courts have come to the same common sense conclusion.... (emphasis added).  Numerous other federal courts have reached the same conclusion. See *Batchlder v. Gonzalez*, 2007 WL 5022105 (N.D. Fla. 2007) ("as to `sexual activity for which any person can be charged with a criminal offense,' the Court examines state law..."); *United States v. Doyle*, 2007 WL 542138 at *10 n.7 (E.D. Wis., 2007) (in assessing constitutionality of §2422(b) count that did not allege a specific federal violation,  court noted that §2422(b) does not require  federal charges and presumably and in many cases the "criminal offense" would be a violation of State law); see also *United States v. Dhingra*, 371 F.3d 557, 564-65 (9th Cir. 2004) (noting that Federal criminal law can incorporate the criminal law of the state where offense occurred and holding that §2422(b) does not violate the Tenth Amendment by incorporating sexual activities criminalized by federal and state law).

Finding  no contrary authority interpreting §2422(b) , the undersigned concludes that a violation of §2242(b) can and frequently does incorporate a violation of state law. In fact, given the clear intent of this statute as explained in *McDarrah* and other cases cited above, as well as the Eleventh Circuit jury instruction for this offense, the only logical choice of law to apply in the Second Superceding Indictment is Florida state law under Fla. Stat. §800.04.  Moreover the undersigned finds no violation of constitutional or other law simply becaue an incorporation of state law may result in minor differences in application in other states.

## SUMMARY

In summary, the undersigned concludes that the Second Superseding Indictment states all essential elements of 18 U.S.C. §2422(b) and fully advises defendant of the charge he faces while protecting  against a double jeopardy violation in the future.  The undersigned further finds that Fla.Stat. §800.04 is properly included as the underlying criminal offense.  For these reasons, the undersigned recommends that Defendant's Motion to Dismiss the Second Superseding Indictment be DENIED.

The parties shall have seven (7) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable James Lawrence King, United States District Judge for the Southern District of Florida. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of June, 2008.

TED E. BANDSTRA
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable James Lawrence King
All counsel of record