UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 06-20783-CIV-KING

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KEITH JOSEPH LANZON,

      Defendant.

_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS FRUITS OF WARRANTLESS SEARCH AND MOTION TO SUPPRESS STATEMENTS

THIS CAUSE comes before the Court upon the June 21, 2007 Report and Recommendation of Magistrate Judge Barry L. Garber (DE #55), recommending that both Defendant's Motion to Suppress Fruits of Warrantless Search (DE #26) and his Motion to Suppress Statements (DE #31) be denied. On July 5, 2007, Lanzon objected to this Report and Recommendation (DE #59).

This Court rules that the recommendation to deny the Defendant's Motion to Suppress Fruits of Warrantless Search is correct. However, as clarification, law enforcement was not required to obtain a warrant prior to seizing the items from the vehicle due to the automobile exception. In United States v. Tamari, 454 F.3d 1259 (11th Cir. 2006), the Eleventh Circuit Court of Appeals concluded that

> the automobile exception permits warrantless vehicle searches if the vehicle is operational and agents have probable cause to believe the vehicle contains evidence of a crime . . . . Probable cause, in turn, exists when under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found" in the vehicle.

*Id.* at 1264 (citations omitted). Here, the parties do not dispute that the vehicle was operational. Additionally, Judge Garber's finding that probable cause existed was correct under a totality-of-the-circumstances approach due to all the circumstances preceding the search which indicated that Lanzon was the individual who had attempted to solicit sex with a fourteen-year-old female through the internet. Thus, this Court concludes that the Defendant's Motion to Suppress Fruits of Warrantless Search is denied due to the automobile exception.

Additionally, this Court rules that the Defendant's Motion to Suppress Statements is denied due to the thorough and well-reasoned recommendation of Judge Garber, who evaluated the credibility of the officers during a hearing. The standard of review afforded to such recommendations is highly deferential when the evidence presented is largely testimonial and the fact-finder had the advantage of evaluating the witness' credibility firsthand. *See Perdue v. Pilgrim Pride*, 237 Fed. App'x. 432, 433 (11th Cir. 2007). Accordingly, this Court adopts the recommendation.

In sum, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the June 21, 2007 Report and Recommendation

(**DE # 55**) be, and the same, is hereby AFFIRMED and ADOPTED.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida, this 26th day of June, 2008.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:     Magistrate Judge Barry L. Garber

*Attorney for Plaintiff*

**Benton Curtis**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9151
Fax: 530-7976

**Jeffrey E Tsai**
United States Attorney's Office
99 N.E. 4th Street
Suite 600
Miami, FL 33132
305-961-9311
Fax: 305-530-7976

**Scott M. Edenfield**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
305-961-9086
Fax: 536-4699

*Attorney for Defendant*

**Roy Eric Black**
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami, FL 33131
305-371-6421
Fax: 358-2006

**Jacqueline Perczek**
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami, FL 33131
305-371-6421
Fax: 358-2006