UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 06-20783-CR-KING

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEITH JOSEPH LANZON,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT

THIS CAUSE comes before the Court upon the June 11, 2008 Magistrate Report and Recommendation (DE #151), recommending that the Defendant's Motion to Dismiss the Second Superseding Indictment (DE #140) be denied. On June 20, 2008, the Defendant objected to this R&R (DE #154).

First, the Defendant asserts that Congress did not intend for 18 U.S.C. § 2422(b) to incorporate state law and, thus, the Second Superseding Indictment improperly references Florida state law. This Court disagrees. The Defendant has not presented a case which directly supports this proposition. Instead, in multiple cases, federal courts have allowed an indictment, which charges a violation of § 2422(b), to reference a state statute in establishing that the defendant did "engage in any sexual activity for which any person can be charged with a criminal offense." *See, e.g., United States v. McDarrah*, 2006 WL 1997638 at *1-2

(S.D.N.Y. 2006) (discussing that "properly read, 2422 requires that if committed, the sexual activity must be a crime under state law"). Additionally, at least one district court in the Eleventh Circuit has reached the same conclusion. *See Batchelder v. Gonzalez*, 2007 WL 5022105 at *1 (N.D. Fla. 2007) (referring to the fact that the relevant Eleventh Circuit pattern jury instruction for 2422(b) relies upon state law). The two recent United States Supreme Court decisions—i.e., *Cuellar v. United States*, 128 S. Ct. 1994 (2008), and *United States v. Santos*, 128 S. Ct. 2020 (2008)—that the Defendant relies upon do not constitute a valid basis to divert from this case law. In both *Santos* and *Cuellar*, the United States Supreme Court reaffirmed the well-established Rule of Lenity: for a criminal statute with ambiguous terms, those terms should be interpreted in such a way that favors the defendant. However, neither *Santos* nor *Cuellar* specifically address § 2422(b). Moreover, the Rule of Lenity had been well established prior to the decisions in *McDarrah* and *Batchelder*; yet those courts still concluded that an indictment for an alleged violation of § 2422(b) could reference state statutes. Accordingly, this Court concludes that *Santos* and *Cuellar* do not constitute a persuasive basis to depart from prior case law which directly addressed the applicability of state law in the context of § 2422(b). In sum, the fact that the Second Superseding Indictment references state law for an alleged violation of § 2422(b) does not represent a proper basis to dismiss this Indictment (or any later indictment utilized by the Government).

Next, the Defendant asserts that the Second Superseding Indictment should be dismissed because section 800.04 of the Florida Statutes—the section referenced by the Government in the Second Superseding Indictment to satisfy the requirement of § 2422(b)

that the Defendant "engage in any sexual activity for which any person can be charged with a criminal offense"—criminalizes different types of conduct in separate subsections. This Court agrees. Consistent with the concerns expressed by this Court during previous hearings for the instant action, the indictment for a violation of § 2422(b) must allege with a sufficient degree of specificity the particular law of Florida "for which any person can be charged with a criminal offense" for sexual activity. In comparison to the original Indictment, the Second Superseding Indictment provides greater detail, to an extent, by listing section 800.04 of the Florida Statutes as the relevant offense. However, due to the fact that section 800.04 codifies multiple types of prohibited conduct within different subsections, this Court concludes that the Second Superseding Indictment is deficient for not relying upon <u>one</u> subsection of 800.04 to establish the one alleged violation of § 2422(b).

In asserting that the Second Superseding Indictment is not deficient, the Government relies upon *United States v. Powell*, 1 F.Supp.2d 1419 (N.D.Ala. 1998). However, since *Powell*, section 800.04 has been amended and now contains separate subsections of prohibited sexual conduct with varying degrees of punishment:

> (4) LEWD OR LASCIVIOUS BATTERY.—A person who:
>
> (a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or
>
> (b) Encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity
>
> . . .
>
> (5) LEWD OR LASCIVIOUS MOLESTATION.—

(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator . . . .

. . .

(6) LEWD OR LASCIVIOUS CONDUCT.—

(a) A person who:

1. Intentionally touches a person under 16 years of age in a lewd or lascivious manner; or

2. Solicits a person under 16 years of age to commit a lewd or lascivious act . . . .

. . .

(7) LEWD OR LASCIVIOUS EXHIBITION.—

(a) A person who:

1. Intentionally masturbates;

2. Intentionally exposes the genitals in a lewd or lascivious manner; or

3. Intentionally commits any other sexual act that does not involve actual physical or sexual contact with the victim, including, but not limited to, sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity

in the presence of a victim who is less than 16 years of age . . . .

§ 800.04, Fla. Stat. (1999). Since this amendment, the Florida Supreme Court has concluded that at least some of these types of conduct within section 800.04 constitute separate and distinct offenses. *See State v. Paul*, 934 So.2d 1167, 1174-75 (Fla. 2006) (holding that subsection (6), i.e, lewd or lascivious conduct, is a separate offense from subsection (7), i.e., lewd or lascivious exhibition). Additionally, since this amendment, the Eleventh Circuit

Court of Appeals has concluded that an indictment which referenced, *inter alia*, "child molestation," as the prohibited sexual conduct in violation of § 2422(b), sufficiently alleged the element of § 2422(b) that the defendant "engage[d] in illegal sexual activity." *United States v. Bolen*, 136 Fed.Appx. 325, 329 (11th Cir. 2005). Although the indictment in *Bolen* apparently failed to reference section 800.04, it did reference one of the four types of conduct (i.e., molestation) that is prohibited under section 800.04. Thus, in keeping with the spirit of both *Bolen* and the concerns expressed by the Court in previous hearings for this action, this Court concludes that the Defendant's Motion to Dismiss the Second Superseding Indictment should be granted with leave for the Government to file a third superseding indictment that references only <u>one</u> subsection of 800.04 for the one alleged violation of § 2422(b). Such an indictment would unquestionably provide adequate notice to the Defendant, as required by the United States Constitution. *See United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (concluding that an indictment must notify the defendant of the charges to be defended against).[1]

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is ORDERED, ADJUDGED, and DECREED that the Defendant's Motion to Dismiss the Second Superseding Indictment be, and the same is hereby, **GRANTED**. The Second Superseding Indictment is hereby **DISMISSED WITHOUT PREJUDICE** to the

---

[1] It should be noted that the Government will not be prejudiced by filing a new indictment that references only one subsection of 800.04. According to the language of section 800.04, many of the types of prohibited conduct within these subsections require physical contact. In the instant action, the Government has never alleged that any physical contact occurred between the Defendant and the victim.

Government filing a third superseding indictment that references only one subsection of 800.04. Further, it is ORDERED, ADJUDGED, and DECREED that the June 11, 2008 Magistrate R&R (**DE # 151**) be, and the same is hereby, **AFFIRMED** and **ADOPTED** only with respect to the conclusion that it was not improper for the Second Superseding Indictment to reference Florida state law.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 8th day of August, 2008.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   Magistrate Judge Ted E. Bandstra

*Counsel for Plaintiff*

**Benton Curtis**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9151
Fax: 530-7976

**Jeffrey E Tsai**
United States Attorney's Office
99 N.E. 4th Street
Suite 600
Miami, FL 33132
305-961-9311
Fax: 305-530-7976

**Scott M. Edenfield**
United States Attorney's Office

99 NE 4th Street
Miami, FL 33132
305-961-9086
Fax: 536-4699

*Counsel for Defendant*

**Alan Jerome Shuminer**
1200 Brickell Avenue
Miami, FL 33131
305-375-9510
Fax: 375-9511

**Roy Eric Black**
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami, FL 33131
305-371-6421
Fax: 358-2006

**Jacqueline Perczek**
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami, FL 33131
305-371-6421
Fax: 358-2006