UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 06-20783-CR-KING

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KEITH JOSEPH LANZON,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL

THIS CAUSE comes before the Court upon the Defendant's Motions for Judgment of Acquittal (D.E. #204, #205, & #219).[1]

---

[1] On February 18, 2009, the Defendant's counsel—during the trial but outside the presence of the jury—orally moved for the Court to grant a judgment of acquittal. The Court treated such as both an initial motion made at the conclusion of the Government's evidence and as a renewed motion made at the conclusion of the entire case. *See* D.E. #217, pg. 2. At the same time this oral motion was made, the Defendant's counsel submitted written documents (D.E. #204 & #205) to the undersigned which contained the same arguments that were submitted orally. After both the Defendant's counsel and the Government's counsel orally argued their respective positions with regard to said Motion, the undersigned reserved ruling on these arguments until after the jury returned a verdict. *See* D.E. #217, pg. 35. On February 24, 2009, within the seven-day window for renewing a motion for judgment of acquittal pursuant to Federal Rule of Civil Procedure 29(c)(1), the Defendant moved for an "Unopposed Motion for 30 Days to File Post-Trial Motions" (D.E. #214). On February 26, 2009, "within the 10-day period provided by the Rules," D.E. #214, the undersigned granted this request for a thirty-day extension to file post-trial motions. *See* D.E. #216. On March 23, 2009, the Defendant filed a "Renewed Motion for Judgment of Acquittal" (D.E. #219), expounding on the issues that had already been orally argued in connection with the initial Motion. On April 23, 2009, the Government filed its Response In Opposition (D.E. #223). On April 30, 2009, the Defendant filed his Reply (D.E. #224).

After thorough consideration of the record, the arguments made orally during the trial, and the parties' written submissions, the undersigned concludes that this request for judgment of acquittal should be denied. The standard for determining a motion for a judgment of acquittal pursuant to Federal Rule of Civil Procedure 29 is whether "the evidence is insufficient to sustain a conviction." Fed. R. Civ. P. 29(a). Furthermore, "[i]f the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved." *Id*. Here, the Defendant has asserted multiple grounds as a possible basis for a judgment of acquittal.

First, the Defendant "moves for entry of a judgment of acquittal pursuant to [Rule] 29 because the defendant was entrapped."[2] D.E. #205. The Defendant relies upon a decision from the Ninth Circuit—i.e., *United States v. Poehlman*, 217 F.3d 692 (9th Cir. 2000)—to support this assertion. The Court has reviewed this decision and concludes that it is distinguishable from the instant action. Unlike the defendant in *Poehlman*, there was no evidence presented in the instant action that the Defendant Lanzon focused his sexual attentions on the fictitious mother of the fictitious minor. *See Poehlman*, 217 F.3d at 699 ("Pohlman continued to focus his sexual attentions on the mother and not the daughters."). The Ninth Circuit clearly established that a key factor to its holding was that the defendant had an "obvious need for an adult relationship" and, consequently, he was drawn "into a sexual fantasy world involving these imaginary girls" because of their

---

[2] The undersigned notes that the jury was instructed on entrapment, as requested by the Defendant. *See* D.E. #213, pg. 11.

mother's demands that, as a condition to having further communications with her, he must have a sexual relationship with her daughters. *Id.* at 699, 702 ("It was only after [the mother] made it clear that agreeing to serve as sexual mentor to her daughters was a condition to any further communications between her and Poehlman that he agreed to play the role [that the mother] had in mind for him."). Here, there is no evidence that the Defendant Lanzon had some overriding desire for an adult relationship and such was the basis for his IM chat room conversations with Detective Clifton, who was posing as the boyfriend of the woman with a fourteen-year-old daughter. Contrary to the Defendant's assertion, the fact that the conversations occurred in a chat room called "Florida Couples" is not dispositive. D.E. #205, pg. 2. It is entirely possible that individuals who were interested in having sex with underage children—without some overriding desire to have an adult relationship—would frequent such a chat room to discuss with an adult—who was affiliated with a minor—such an encounter that would allow them to have sex with the minor. In sum, a judgment of acquittal based upon entrapment is not warranted.

Next, the Defendant asserts that a judgment of acquittal should be entered because the Government failed "to prove that Mr. Lanzon's conduct could have been charged as a sexual battery under Florida Statute 800.04(4)(a)." D.E. #219, pg. 1. As reflected in the transcript (D.E. #217), the undersigned had concerns with the fact that, in the Third Superseding Indictment, the Government relied upon a subsection of the Florida Statues—i.e., § 800.04(4)(a)—that requires sexual contact but there was no evidence of sexual contact introduced during the trial. However, as the undersigned expressed to the

parties during the trial, the Eleventh Circuit—in *United States v. Bolen*, 2005 WL 1475845, at *3 (11th Cir. 2005)—held that the relevant indictment, which charged a violation of 18 U.S.C. § 2422(b) based upon an <u>attempt</u> to persuade, induce, entice, and coerce a minor to engage in the prohibited sexual conduct of child molestation (a crime that requires sexual contact), was sufficient. Like the instant action, there was no evidence of sexual contact in *Bolen* as that defendant was arrested at the arranged meeting. *See id.* The reason that a defendant may be convicted of conduct for which there is no allegation of sexual contact under an indictment that references a state statute that requires sexual contact is due to the manner in which Congress phrased 18 U.S.C. § 2422(b). As reflected in the jury instruction that was used in this case and that generally tracks the language of the relevant pattern Eleventh Circuit jury instruction, a defendant can be found guilty of an attempt offense under § 2422(b) if the following fact, *inter alia*, is proven beyond a reasonable doubt: "That <u>if the sexual activity had occurred</u>, the Defendant could have been charged with a criminal offense under Florida Statute 800.04(4)(a)." D.E. #213, pg. 13 (emphasis added). There is no allegation that any sexual activity occurred, and therefore, that conclusively establishes why the Defendant Lanzon was not charged under Florida Statute 800.04(4)(a). With that being said, he was properly convicted under § 2422(b) due to the fact that he <u>attempted</u> to persuade, induce, entice, or coerce the minor to engage in sexual activity (which would have involved sexual contact) for which he could have been charged under Florida state law had that activity actually occurred.

Finally, the Defendant asserts that "his interactions with Detective Clifton, the supposed boyfriend, do not establish a violation of 18 U.S.C. § 2422(b), because under the plain language of that statute, a crime under Section 2422(b) cannot be established unless the evidence shows that the defendant's interactions were either with a minor or with an undercover officer pretending to be a minor." D.E. #204, pg. 2. However, the Eleventh Circuit has clearly held, on multiple occasions, that an attempt violation may occur under § 2422(b) when a defendant's communications occur with an undercover officer pretending to be either a minor or someone connected with the minor. *See United States v. Yost*, 479 F.3d 815 (11th Cir. 2007); *United States v. Hornaday*, 392 F.3d 1306 (11th Cir. 2004); *United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004); *United States v. Root*, 296 F.3d 1222 (11th Cir. 2002). The Defendant counters that these cases "were wrongly decided" and, in light of the recent decision of the United Sates Supreme Court in *United States v. Santos*, 128 S.Ct. 2020 (2008), this Court should deviate from these pre-*Santos* decisions. D.E. #204, pgs. 1-2. The undersigned has reviewed *Santos*—a decision which interprets the rule of lenity not in the specific context of §2422(b) but, instead, in the broader context of all criminal statutes—and refuses to deviate from these aforementioned binding Eleventh Circuit decisions.[3]

Accordingly, the Court being otherwise fully advised, it is ORDERED,

---

[3] The undersigned has considered the other related arguments (e.g., § 2422(b) improperly allows for a double inchoate crime, etc.) asserted by the Defendant in the "Renewed Motion for Judgment of Acquittal" (D.E. #219). Similarly, the undersigned concludes that, in light of *Bolen* and the other Eleventh Circuit decisions discussed above, such arguments are without merit.

ADJUDGED, and DECREED that the Defendant's Motions for Judgment of Acquittal (**D.E. #204, #205, & #219**) be, and the same are hereby, **DENIED**.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 5th day of May, 2009.

*signature*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   *Counsel for Plaintiff*

**Benton Curtis**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132

**Jeffrey E Tsai**
United States Attorney's Office
99 N.E. 4th Street
Suite 600
Miami, FL 33132

**Scott M. Edenfield**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132

*Counsel for Defendant*

**Roy Eric Black**
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami , FL 33131

**Jacqueline Perczek**

Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami , FL 33131