UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 06-20783-CR-KING

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEITH JOSEPH LANZON,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

THIS CAUSE comes before the Court upon the Defendant's Motion for New Trial (D.E. #218), filed March 23, 2009.[1] On April 23, 2009, the Government filed its Response (D.E. #222). On April 30, 2009, the Defendant filed his Reply (D.E. #224).

After a thorough review of the record and the parties' submissions, the undersigned concludes that said Motion should be denied. As a general rule, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Civ. P. 33(a). Here, the Defendant requests a new trial because "the Court erred in not giving the spoilation and destruction of evidence jury

---

[1] On February 24, 2009, within the seven-day period mandated by Federal Rule of Civil Procedure 33, the Defendant filed an "Unopposed Motion for 30 Days to File Post-Trial Motions" (D.E. #214). See Fed. R. Civ. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty."). On February 26, 2009, within the alleged ten-day period for properly ruling on an extension of time for post trial motions, see D.E. #214, the undersigned granted this request. See D.E. #216.

instructions Mr. Lanzon requested concerning the government's destruction and failure to preserve evidence." D.E. #218. As background, the Defendant's counsel—during trial—requested two separate jury instructions related to the destruction of evidence, both of which were denied by this Court. The first, which the Defendant refers to as "Proposed Special Instruction No. 1," reads as follows:

> Title 18, United States Code, Section 1512, makes it illegal to <u>corruptly</u> alter, destroy, mutilate, or conceal a record, document, or other object, or to attempt to do so, <u>with the intent to impair</u> the object's integrity or availability for use in an official proceeding.
>
> Additionally, Title 18, United States Code, Section 1519, makes it illegal to <u>knowingly</u> alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry in any record, document, or tangible object, <u>with the intent to impede, obstruct, or influence</u> the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States, or in relation to or contemplation of any such matter or case.

D.E. #218, pg. 5 (emphasis added). The second, which the Defendant refers to as "Proposed Special Instruction No. 2," reads as follows:

> If you find that the government or its agents or police officers destroyed or withheld evidence that was within their control, you may infer that the missing or withheld evidence would have been unfavorable to the government and favorable to the defendant had it been preserved or provided.

D.E. #218, pg. 6. The Defendant correctly asserts that he is entitled to a defense instruction if there is "any foundation" in the evidence (no matter how weak that evidence might be) introduced during trial to support it. *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995). Furthermore, in determining whether such a foundation has been laid, a court must view the evidence in the light most favorable to the defendant. *See United*

*States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982). However, even applying this lenient standard, the undersigned concludes that these proposed jury instructions were properly denied.

With regard to Proposed Special Instruction No. 1, the undersigned concludes that—as properly asserted by the Government—the Defendant did not present evidence during trial to support that Detective Clifton "corruptly" destroyed any evidence with an "intent to impair" or "knowingly" destroyed any evidence with an "intent to impede, obstruct, or influence." First, the Defendant points to the fact that the version of Detective Clifton's police report (which was produced after the Defendant was arrested) that was presented during discovery is different from the official version of Detective Clifton's police report that was independently ascertained by the Defendant's counsel and that the Government's counsel only became aware of when it was presented during trial.[2] Detective Clifton supposedly produced both of these versions from notes that he took contemporaneously during the alleged confession of the Defendant. The Defendant asserts that the two versions differ in a material way and, thus, establish that the notes were improperly destroyed. The undersigned disagrees. The two versions of the police

---

[2] The official version reads, in pertinent part, that "Lanzon stated that [(referring to the colored condoms and mint flavored lubricant)] is what was discussed in the IM conversations; whereas, the version provided during discovery reads, in pertinent part, that "Lanzon stated that [(referring to colored condoms and mint flavored lubricant)] is what was discussed in the IM conversations <u>is what was going to occur</u>." (Emphasis added.) This emphasized language is the only difference between the two versions.

report clearly do not differ in any material way.[3] Rather, the two versions support the conclusion that Detective Clifton incorporated his notes into each one and any minor difference between the two was inadvertent. Simply put, the Defendant has only provided evidence that Detective Clifton discarded his notes, not that such was done in a corrupt or knowing fashion with an intent to impede. Second, the Defendant points to the fact that the original IM chat room conversations were not saved by Detective Clifton. However, the Defendant again fails to cite to any evidence presented during trial which supports the allegation that the original IM chat room conversations were discarded in a corrupt or knowing fashion with an intent to impede. Although the testimony presented during an evidentiary hearing before Judge Bandstra is not dispositive because it was not also presented during trial, the undersigned finds it helpful to illustrate why the Defendant was unable—during trial—to present any of the aforementioned type of evidence that would have supported Special Instruction No. 1. Specifically, during the evidentiary hearing before Judge Bandstra, Detective Clifton testified that he "copied the entire conversations between himself and the Defendant without any editing or additional commentary by the officer" and that he "carefully compared the word processing document he created with the actual [instant-message] chat screens still available to be sure they exactly matched and accurately recorded the full conversations." D.E. #192, pg. 9. This testimony

---

[3] In his Reply, the Defendant concedes that "both reports did include a common sentence ("He said, 'What is in the IM's was what was going to happen' "). D.E. #224, pg. 9. This commonality between the two versions clearly establishes that the aforementioned difference was immaterial.

illustrates the lack of evidence surrounding the Defendant's assertion that the jury should been instructed concerning the destruction of evidence in a corrupt or knowing fashion with the intent to impede.

With regard to Proposed Special Instruction No. 2, this proposed jury instruction was properly rejected for multiple reasons. First, in the Defendant's briefs, the only cited decisions that arise in the Eleventh Circuit and relate to an adverse-inference-type jury instruction due to the spoilation of evidence are civil cases. Assuming that these civil cases are applicable, the jury instruction required under such precedent includes a reference to the fact that the spoilation must be predicated on bad faith. *See, e.g., Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997) ("In this circuit, an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith."). Here, Proposed Special Instruction No. 2 did not include any reference to bad faith. The Defendant has even acknowledged that "[a] district court has the discretion to refuse a proposed defense instruction . . . in the limited instance[] where: (1) The proposed instruction is not 'substantially' correct." D.E. #218, pg. 7-8 (quoting *United States v. Ruiz*, 59 F.3d 1151 (11th Cir. 1995)). Contrary to the Defendant's assertion, this Proposed Special Instruction No. 2 was not a poorly-worded version of the adverse-inference jury instruction but, instead, substantially incorrect. *See United States v. Morris*, 20 F.3d 1111, 1116 (11th Cir. 1994). The Defendant also cites to *Glover v. BIC Corp.*, 6 F.3d 1318 (9th Cir. 1993), a <u>civil</u> case where the Ninth Circuit held that "a finding of 'bad faith' is not a prerequisite [for a jury to draw an adverse

inference from the destruction or spoilation of evidence]." *Id.* at 1329 (quoting *Unigard v. Lakewood*, 982 F.2d 363 (9th Cir. 1992)). However, if this Court is to consider law from outside the Eleventh Circuit on this issue, the better approach is to consider the adverse-inference jury instructions given on the spoilation of evidence by courts in <u>criminal</u> cases, which have utilized law similar to that which the Eleventh Circuit has held is proper for such jury instructions in civil cases. *See United States v. Wise*, 221 F.3d 140, 156-57 (5th Cir. 2000) (holding that "[a]n adverse inference drawn from the destruction of records is predicated on <u>bad conduct</u>" and, thus, "the district court did not abuse its discretion in declining to give a jury charge on the issue of spoilation" (emphasis added)). Second, even assuming that the Defendant had submitted a version of Proposed Special Instruction No. 2 that was substantially correct (i.e., it properly referenced bad faith), the undersigned concludes that—for the same reasons discussed above in regard to Proposed Special Instruction No. 1—the Defendant failed to present any evidence during trial to suggest that any sort of bad faith by Detective Clifton was what caused the spoilation of evidence.

 Accordingly, the Court being otherwise fully advised, it is ORDERED, ADJUDGED, and DECREED that the Defendant's Motion for New Trial (**D.E. #218**) be, and the same is hereby, **DENIED**.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 5th day of May, 2009.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **Counsel for Plaintiff**

**Benton Curtis**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132

**Jeffrey E Tsai**
United States Attorney's Office
99 N.E. 4th Street
Suite 600
Miami, FL 33132

**Scott M. Edenfield**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132

**Counsel for Defendant**

**Roy Eric Black**
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami , FL 33131

**Jacqueline Perczek**
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard

Suite 1300
Miami , FL 33131